Cade says the fence John threw down was between the bank and the pond which belonged to Ingram. Robinson's survey should bind him to its limits, and by it he does not run down to where this fence stood.

*Bayard.* Possession sufficient in trespass *vi et armis,* not so in case.

*Wilson.* I agree, if they have a right, though not a bare or naked possession, the action will lie.

*Bayard.* 2 Bl.Comm. 195, possession in time will make title. We have a double title. They have not a shadow of title. Ryley says positively the spot where the trespass was committed was within Robinson's patent.

PER CURIAM. Possession in this case sufficient to support the action etc.

Verdict, not guilty, etc.

### HORSEY v. JEHU EVANS.

Court of Common Pleas. Sussex. April, 1800.

*Rodney's Notes.*

*Vining, Broom* [for plaintiff]. *Ridgely, Peery* [for defendant].

Jury at bar. *Ridgely* objected to swearing jury [on the ground] that defendant's notice had not been sufficient, being

but one day before jury met on the premises and eight before sitting of the court. (Writ does not state notice was given.) Cowp. 26.

*Broom.* As notice is required by the Act it should be strictly pursued, and we say it has [been.]

*Vining,* [for plaintiff].

*Peery,* in conclusion.

The Court overruled the objection. The defendant having appeared on the ground with the jury, [he] did not object [to] his want of notice. [He was] also before the Court last week and agreed to the cause to come on.

Patent. Lord Baltimore to Nathaniel Horsey for ten acres, 1753. Will of Nathaniel Horsey, devise of grist mill to Nathaniel Horsey, 1787.

John Robinson, B. S. This mill has been in possession of Nathaniel Horsey's widow, myself, and the petitioner since 1787. Evans' Mill was built four years ago, are both tub mills, Horsey's mill does not grind in a dry time.

William Noble. Since Evans has erected his mill the water has been higher.

John Hooper.

B. Cannon.

Susi Cannon.

Witnesses for Defendant.

Jeremiah R. Jackson. Since Evans has raised his dam the water is some higher, though the water is deeper on the floor than in the race below.

Jessee Cannon. Water on floor twelve inches, three inches below the wheel, five inches deep in race twenty or thirty feet lower down than mill.

Levin Rickards. I ran this patent twice, the lines did not take in the wheel, only ran by the end of the house.

Mitchel Suat. I repaired Horsey's mill in 1798. Since Evans' mill was built I settled her five inches lower than she was. N. Horsey wanted her settled as low as I possibly could or eight or nine inches because Evans had a mill below and he wanted to have an opportunity to sue him. She does not stand as well for grinding as she did before his own water drowns him.

Jonathan Jacobs. Buckets could not be lowered in my opinion.

Thompson Horsey. I have seen eight inches water on the floor.

*Broom* for plaintiff. The title to the mill is not to be tried in this action. Possession undisputed is all the Act contemplates. Most of the witnesses prove to you that the water has been raised.

*Ridgely.* The lines of this tract have been twice run by L. Rickards and do not take the mill in. It is essentially necessary for plaintiff to make out his title to the mill. The Act requires it. As to damage, plaintiff has proved none, but on the contrary all his customers were well served, and even when they could not get elsewhere.

*Peery.* We had not an opportunity to prove, at the time the jury met, [that] this patent did not take in the mill, from the short notice of one day; but we have proved beyond doubt by L. Rickards who twice surveyed it, and once at plaintiff's request, that their lines do not take it in. They have produced one witness to say the mill is not worth so much by one-third, but we find one mill built above and one below this, and this is the reason the mill of plaintiff is not so valuable. Evans' pond was as high as it could be, for Mr. Hooper says it ran over the gates. Also the race not being so deep as on the floor is in consequence of the mill being set so low as to throw up the sand.

*Vining* in conclusion. I do insist the possession or ownership without proving title, as in trespass or ejectment, is sufficient. You are the sole judges and may assess damages or prostrate.

CHIEF JUSTICE BOOTH. This action is brought for damages etc. Plaintiff should prove his title. Also the damages you may assess must be ascertained from the evidence.

Jury were up about one hour and found thirty dollars damages, with costs.

## ELIAS NANDINE and ROBERT MAXWELL v. JOHN DARRACH.

Court of Common Pleas. Kent. May 13, 1800.

*Rodney's Notes.*

*Rodney, Vandyke* [for plaintiff]. *Bayard, Ridgely* [for defendant].